**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ASSOCIATION FOR EQUAL ACCESS, and | ) | |
| JAMES RUTHEROFRD | ) | |
| Plaintiffs, | ) | Case No. 15 CV 00367 |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| EURO GRILL INC., RAYYAN PLAZA III | ) | |
| DUMALI BEJNI, individually, RAY RAYYAN, | ) | |
| Individually, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

Plaintiffs, ASSOCIATION FOR EQUAL ACCESS ("A4EA"), an Illinois association, and JAMES RUTHERFORD ("RUTHERFORD"), individually, on behalf of each other, and on behalf of all other individuals similarly situated, by and through their counsel, the Law Offices of Ronald C. Dahms, and for their Complaint against Defendants EURO GRILL, INC. ("EURO GRILL"), RAYYAN PLAZA III ("RAYYAN PLAZA"), DUMALI BEJNI ("BEJNI"), Individually, and RAY RAYYAN ("RAYYAN"), Individually, allege as follows:

### Introduction

1.     Plaintiffs bring this action pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq*.

### Jurisdiction

2.     Jurisdiction for this action is founded upon 28 U.S.C. §§1331, 1343(3) and 42 U.S.C. §12188(a)(1).

**Venue**

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as the claim arose out of, and Defendants do business in, the City of Des Plaines, County of Cook, Illinois.

**Parties**

4.      Plaintiff A4EA is an Illinois association. Members of A4EA include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the association is to represent the interests of its members by assuring places of public accommodation are accessible to and usable by the disabled, and that its members are not discriminated against because of their disabilities. A4EA and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of A4EA's members has suffered an injury that allows it to bring suit in the association's own right. A4EA has also been discriminated against because of its association with its disabled members and their claims. Plaintiff A4EA is an aggrieved "person" within the meaning of the ADA.

5.      Plaintiff Rutherford is a resident of Illinois. He is an individual with a disability within the meaning of the ADA because he has a mobility disability that substantially limits one or more of his major life activities ie: walking.  Plaintiff Rutherford is a member and officer of Plaintiff A4EA.

6.      Defendant, EURO GRILL, INC., is a restaurant located at 967 S. Elmhurst Road., Des Plaines, Illinois, and is, on information and belief, an Illinois corporation.

7.      Defendant, DUMALI BEJNI, is the individual owner, president, and sole proprietor of Defendant, EURO GRILL, and, on information and belief, resides in Elk Grove

Village, Illinois.

8.     Defendant, RAYYAN PLAZA III, is a strip mall located at 955-967 S. Elmhurst Road, Des Plaines, Illinois.  DEFENDANT, EURO GRILL, is a restaurant located within RAYYAN PLAZA.

9.     Defendant, RAY RAYYAN, on information and belief, is the individual owner, president, and sole proprietor of Defendant, RAYYAN PLAZA, and, on information and belief, resides in Cook County, Illinois.

10.    Defendants, EURO GRILL and RAYYAN PLAZA, are places of public accommodation within the meaning of Title III of the ADA. People with disabilities are not able to access EURO GRILL and RAYYAN PLAZA due to the inaccessibility of the restaurant and strip mall as set forth herein in greater detail.

## COUNT I - (Violation of ADA Title III)

11.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 8 above.

12.    Pursuant to 42 U.S.C. §12182 and 28 CFR 36.201(a), Congress intended for no place of public accommodation to discriminate against an individual on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of accommodation.

13.    Plaintiffs A4EA and Rutherford have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described herein, but not necessarily limited to the allegations contained in paragraph 12 below of this complaint.

14.    Plaintiff Rutherford, on one or more occasions, attempted to access or use the Defendants' facilities with a mobility device to avail himself of the goods and services available

at Defendants' facilities and to assure himself that the property is compliant with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff Rutherford was unable to access or use the facilities due to the following reasons:

Parking and Parking Signage:

(a)     There is no handicapped nor van accessible signage in the parking lot spaces, in violation of Section 502.6 of the 2010 ADA Standards for Accessibility Design ("ADASAD"), which consists of the Title III regulations 28 CFR Part 36, subpart D, and the 2004 ADA Accessibility Guidelines ("2004 ADAAG") at 36 CFR Part 1191, appendices B and D, and in violation of section 4.6.4 of the 1991 ADA Accessibility Guidelines ("1991 ADAAG") at 28 CFR Part 36, Appendix A, both of which are incorporated by reference into 42 U.S.C. §12101 *et seq.*;

(b)     The accessible parking space access zone is not located on a vehicle's passenger side as required by section 502.3.4 of the ADASAD.

Entrance Ramp

(c)     The slope of the entrance ramp exceeds 1:12 inches in violation of Section 4.8.2 of the 1991 ADAAG and Section 405.2 of the ADASAD.

Doors

(d)     The restroom entrance door does not have a handle, which does not require tight grasping, tight pinching, or twisting of the wrist to operate, in violation of Section 309.4 of the ADASAD and Section 4.13.9 of the 1991 ADAAG.

(e)     The front door closer closes at a rate faster than 3 seconds at 70 degrees required per section 4.13.10 of the 1991 ADAAG.

4

Water Closet

(f)     The centerline of the water closet is 22 inches to the nearest wall in violation of
Section 604.2 (Fig 604.2) of the ADASAD and Section 4.16.2 (Fig 28) of the 1991 ADAAG,
which requires the centerline be at least within 18 inches.

Grab Bars

(g)     The rear grab bar is blocked by an overhang and thus is not accessible as required
per Section 4.16.4 and 4.26.4 of the 1991 ADAAG, and Section 609.5 of the ADASAD.

Lavatories, Sinks and Mirrors

(h)     Height and clearances do not comply with Section 4.19.2 of the 1991 ADAAG
and Section 606.3 of the ADASAD.

(i)     The bottom edge of the mirror is higher than 40 inches and thus does not comply
with section 4.19.6 of the 1991 ADAAG and 603.3 of the ADASAD.

(j)     There are exposed and un-insulated pipe surfaces under the lavatory in violation
of Section 4.19.4 of the 1991 ADAAG and Section 606.5 of the ADASAD.

(k)     The shelf above the vanity is higher than 44 inches from the floor in violation of
Section 308.2.2 of the ADASAD.

15.     The discriminatory violations described above in paragraph 14 are not an
exclusive list of the Defendants' ADA violations.

16.     The ADA expressly prohibits, among other things, discrimination on the basis of
disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,
or accommodations by any person who owns, leases, or operates a place of public
accommodation. Discrimination under the ADA includes a failure to render a public
accommodation accessible to individuals with disabilities and a failure to remove architectural

barriers preventing their access to and use of the facilities.

17.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992 in accordance with Section 28 C.F.R. 36.304(a).

18.    If there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, 28 C.F.R. 36.402, in compliance with the 1991 ADAAG. Additionally, if the Defendants' facilities are one which was designed and constructed for first occupancy subsequent to January 26, 1992 as defined in 28 C.F.R. 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with the 1991 ADAAG.

19.    If there has been an alteration to Defendants' place of public accommodation between September 15, 2010 and March 15, 2012, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, in compliance with either the 1991 ADAAG or the ADASAD. Additionally, if the Defendants' facilities are one, which was designed and constructed for first occupancy between September 15, 2010 and March 15, 2012, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with either the 1991 ADAAG or the ADASAD.

20.    If there has been an alteration to Defendants' place of public accommodation

subsequent to March 15, 2012, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, in compliance with the ADASAD. Additionally, if the Defendants' facilities are one, which was designed and constructed for first occupancy subsequent to March 15, 2012, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with the ADASAD.

21.     Defendants have violated Title III of the ADA by their failure to render a public accommodation accessible to individuals with disabilities and their failure to remove architectural barriers preventing their access to, and use of, the facilities.

22.     Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff Rutherford plans to return to EURO GRILL and RAYYAN PLAZA not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

23.     Plaintiffs have a realistic, credible, existing and continuing threat of discrimination form the Defendants' non-compliance with the ADA with respect to the property as described above in paragraph 14 of this complaint.

24.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

25.     Pursuant to 42 U.S.C. §12188, this Court has authority to grant Plaintiffs injunctive relief including an order to alter EURO GRILL and RAYYAN PLAZA to make the facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as

defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court:

(a)    Enter judgment declaring that Defendants have violated and is violating the ADA.

(b)    Enter an injunction ordering Defendants to (i) cease violating the ADA and (ii) to bring its facilities into full compliance with the ADA;

(c)    Award compensatory damages in such an amount as the Court finds just and proper;

(d)    Grant Plaintiffs their attorney's fees, costs and litigation expenses incurred in the prosecution of this action; and

(e)    Grant such further relief as the Court deems just and proper and/or is allowable under Title III of the ADA.

Dated: January 14, 2015

Respectfully Submitted,

*s/ Ronald C. Dahms*
RONALD C. DAHMS
One of Plaintiffs' Attorneys

Laws Offices of Ronald C. Dahms
135 South LaSalle St, Suite 3300
Chicago, IL 60603
(312) 609-0060